Colcock, J.
dissented, and delivered the following opinion.
In this case I concur with my brethren, that the duties imposed on the relator by the two governments, are very inconsistent in their nature; and that the discharge of them subjects him, to say the least, to great inconvenience: and, with all deference to the opinion of the Legislature, I think, that for the reasons so forcibly urged by them, as well as for others which cannot escape the observation of those who are acquainted with this duty, and the manner in which it is usually discharged, that not only the Judges of the Supreme Court of the United States ought to be exempted, but that others similarly situated, and above all the clergy, should be exempt.
But I take it that is not the question. The true question is whether the State has, or has not, a right to impose this duty, however irksome and incompatible it may be.
If it be conceded that the general government has a right to set apart certain citizens as their officers, and that these persons are exempt from all municipal duties; then not only the Judges, but all the other officers of the government of the United States must be exempt, for they may be called on to discharge those duties at the same moment that the duty to the State is required to be performed: and some of them are in fact more constantly employed than even the Judges. But I take a different view of the construction of our government, and the relative duties to each which devolve on individuals. In describing the circles of duty, I should say the first and nearest is the domestic duty : that the general government has no right to interfere in the domestic concerns of the States, except where specially authorized by the *171 constitution: and that the right to elect a Judge from among the citizens of the States, does not give.them exclusive power over him as a citizen. Their exclusive jurisdiction over any portion of the citizens of the United States, as such, is confined to their : ten nines square.
The duty is a very important one, and the obligation to perform it devolves on all the citizens who own property of a certain description. The Legislature, having found great difficulty in determining who ought to be exempt, have, perhaps^ gone too far; but the act is imperative — it is unambiguous — I am, therefore, bound by it. There is, however, a view of the subject which I deem conclusive. The act authorizes the substitution of an ágent, and therefore the relator may have performed the duty by another, and in this view of the provisions of the act it may be considered in the light of a tax imposed on the citizens of the community generally. For when the duty is disagreeable or incompatible with other duties, it may be performed by a substitute, who may be hired by the person required to perform it.
I am aware, also, that it was thought by the Legislature, that the duty ought to be performed by those who are interested in that kind of property, for the government and regulation of which this law is so essentially necessary. For great abuses have been made of the power unavoidably given to patrols, when exercised by those who owned no slaves, and were taken from the class of citizens least observant of the law. They therefore determined that the wealthy and respectable should be made to perform it, as far as is practicable; and I do not think that I have any power, or authority to interfere in this plain regulation.
Motion granted.